| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF NEW YORK | |
| CHARLES J. HARRISON,<br>                                     Plaintiff,<br>          v.<br>FEDERAL PACIFIC CREDIT COMPANY, LLC.,<br>                                     Defendants. | **REPORT and<br>RECOMMENDATION**<br>-------------------------------<br>**DECISION and<br>ORDER**<br>**05-CV-727S(F)** |

APPEARANCES:     KENNETH R. HILLER, ESQ.
                 Attorney for the Plaintiff
                 2001 Niagara Falls Boulevard
                 Amherst, New York   14228

                 PITNEY HARDIN, LLP
                 Attorneys for the Defendant
                 BARRY M. BENJAMIN,
                 AMISH DOSHI, and
                 LIZA MONTALVO, of counsel
                 7 Times Square
                 New York, New York   10036

## JURISDICTION

By order of Hon. Richard J. Arcara filed December 12, 2005, this matter has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), (B) (Doc. No. 13).  The matter is presently before the court on Defendant's motion to dismiss, filed December 6, 2005 (Doc. No. 6) and Plaintiff's cross-motion for leave to file an amended complaint, filed December 8, 2005 (Doc. No. 9).

## BACKGROUND and FACTS[1]

---

[1] Taken from the pleadings and papers filed in this action to date.

In his complaint, Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act").  Specifically, Plaintiff claims Defendant improperly and repeatedly contacted him at his place of employment, and informed, without Plaintiff's "written" consent, Plaintiff's employer of the alleged debts Defendant sought to collect from Plaintiff, in violation of 15 U.S.C. § § 1692d(5), 1692c(a)(3), and 1692c(b).  Plaintiff seeks compensatory damages for mental distress, statutory damages, costs, and attorneys fees pursuant to 15 U.S.C. § 1692k.

By papers filed December 6, 2005, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 6) ("Defendant's Motion").  In support of Defendant's Motion, Defendant filed the affidavit of Lisa Montalvo, Esq. (Doc. No. 7) and Defendant's Memorandum in Support of Defendant's Motion to Dismiss (Doc. No. 8) ("Defendant's Memorandum in Support").

In response, by papers filed December 8, 2005, Plaintiff moved for leave to file an amended complaint pursuant to Fed.R.Civ.P 15(a) (Doc. No. 9) ("Plaintiff's Cross-Motion").  In support, Plaintiff filed the Affidavit of Kenneth R. Hiller, Esq. (Doc. No. 9-1), a proposed amended complaint (Doc. No. 9-2), and a Memorandum of Law  in support of Plaintiff's cross-motion and in opposition to Defendant's motion to dismiss (Doc. No. 10) ("Plaintiff's Memorandum").  Specifically, Plaintiff's proposed amended complaint deleted the allegation that Defendant failed to obtain Plaintiff's "written" consent prior to communicating with Defendant's employer about Plaintiff's debt.

On January 6, 2006, Defendant filed its Memorandum of Law in Opposition to Plaintiff's Cross-Motion to Amend [Plaintiff's] Complaint (Doc. No. 15) ("Defendant's Memorandum in Opposition") and the Declaration of Joshua T. Pryor in Support of

Defendant's Motion ("Pryor Declaration") (bracketed material added).

On January 10, 2006, Plaintiff filed a Reply Memorandum of Law in further opposition to Defendant's Motion and in support of Plaintiff's Cross-Motion (Doc. No. 18) ("Plaintiff's Reply Memorandum").  Oral argument was deemed unnecessary.  Based on the following, Defendant's Motion should be DENIED.  Plaintiff's Cross-Motion is DISMISSED.

## DISCUSSION

As relevant, Fed.R.Civ.P. 15(a) provides

> A party may amend the party's pleading once <u>as a matter of course</u> at any time before the responsive pleading is served . . .."

Fed.R.Civ.P. 15(a) ("Rule 15(a)") (underlining added).

It is settled law that a motion to dismiss for failure to state a claim is not a responsive pleading within the meaning of Rule 15(a).  *See, e.g., Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 (2d Cir. 1996) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedures § 1483, at 584-85 (2d ed. 1998)); *Washington v. New York Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.), *cert. denied*, 464 U.S. 1013 (1983).  Although not addressed by either party, it is undisputed that as Defendant's motion was filed in lieu of an answer, no answer to the Complaint has been filed by Defendant in the case.  Nor does Defendant contest that Plaintiff's proposed amended complaint constitutes Plaintiff's first attempt to file an amended complaint in this action.  Accordingly, like the plaintiff in *Barbara, supra*, Plaintiff "was entitled to amend his complaint <u>as a matter of right without leave</u>" of court.

*Barbara,* 99 F.3d at 49 (underlining added). Therefore, as no such leave was required under Rule 15(a), Plaintiff's Cross-Motion was unnecessary, and Plaintiff's proposed amended complaint should be filed as of right. Fed.R.Civ.P. 15(a); *Barbara, supra*. Upon such filing, Plaintiff's amended complaint will become the initial Plaintiff's pleading in this action ("the Amended Complaint"). *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citing *Harris v. City of New York*, 186 F.3d 243, 249 (2d. Cir. 1999)). As such, Plaintiff's cross-motion is DISMISSED as unnecessary.

Further, as Plaintiff's proposed amended complaint could, and should, have been filed as the Amended Complaint without need of any motion for leave, Defendant's Motion will become moot upon the filing of the Amended Complaint as the motion is directed to the Complaint which, as discussed, *supra*, upon filing as of right by Plaintiff of the Amended Complaint will no longer be the operative pleading. However, as Defendant has, notwithstanding, argued that even the Amended Complaint fails to cure the defects Defendant ascribed to the Complaint and so remains subject to dismissal, Defendant's Memorandum in Opposition at 1, to obviate further motion practice directed to the Amended Complaint, the court addresses the merits of Defendant's challenge to the Amended Complaint. For the purpose of this analysis, the court treats the Amended Complaint as having been filed *nunc pro tunc*.

Defendant first contends that the Amended Complaint must be dismissed because it fails to plead a cause of action under 15 U.S.C. § 1692d(5) ("§ 1692d(5)"). Defendant's Memorandum in Opposition at 2-4. Section 1692d(5) prohibits a debt

collector subject to the Act from using a telephone call to a consumer, like Plaintiff "repeatedly or continuously with the intent to annoy, abuse or harass . . . [the consumer]." Specifically, Defendant argues that the Amended Complaint merely alleges for Plaintiff's first cause of action that Defendant attempted to contact Plaintiff by phone over a 15 month period "by calling Plaintiff . . . at his place of business employment approximately one time per week in order to collect the subject debt," but does not allege conduct by Defendant sufficient to constitute repeated or continuous contacts as prohibited by § 1692d(5) nor, according to Defendant, does the Amended Complaint allege with particularity that such weekly contacts were done with the "intent to annoy, abuse or harass" Plaintiff as also required by § 1692d(5) in order to impose liability upon Defendant under this provision of the Act. Defendant's Memorandum in Opposition at 2-3. Defendant further asserts that Defendant "never" engaged in any oppressive conduct that could, in Defendant's view, remotely demonstrate the requisite intent for liability under § 1692d(5). *Id.* at 3-4.

Second, Defendant argues that Plaintiff's second cause of action alleging a violation of 15 U.S.C. § 1692c(a)(3) ("§ 1692c(a)(3)"), prohibiting unwanted phone calls by Defendant to Plaintiff at Plaintiff's place of employment after being advised by Plaintiff that Plaintiff is not permitted by his employer to receive such calls, is also without sufficient factual foundation as a matter of law. Defendant's Memorandum in Opposition at 4-5. Section 1692c(a)(3) provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

As asserted by Defendant, the Amended Complaint is deficient as to Plaintiff's second cause of action in that it alleges that Defendant contacted Plaintiff on a cellular phone provided by Plaintiff's employer but does not state facts upon which it may be determined that the phone calls at issue were actually received by Plaintiff at his place of employment.  Defendant's Memorandum in Opposition at 4-5.  Defendant also contends, based upon the Pryor Declaration, that Defendant "ceased calling Plaintiff" after Plaintiff informed Defendant that Plaintiff could not receive such calls on his cell phone.  *Id.* at 5 (citing Pryor Declaration ¶ 14).

Third, Defendant maintains Plaintiff's third cause of action, alleging a violation of 15 U.S.C. § 1692c(b), prohibiting any communication by a debt collector to collect a debt with any other person except, as relevant, the consumer "without the prior consent" of the consumer, also fails to state a claim.  Defendant's Memorandum in Opposition at 5-6.  Specifically, Defendant argues that although the Amended Complaint alleges that "in September of 2005" Defendant contacted Plaintiff's supervisor and disclosed Defendant was attempting to collect a debt assertedly owed by Plaintiff to the Wells Fargo Company, Plaintiff's third cause of action is nonetheless deficient because Defendant's agent, Joshua Pryor ("Pryor"), spoke to Plaintiff's supervisor solely in order to obtain "contact information" and disclosed the debt collection nature of Pryor's request only after receiving verbal permission from Plaintiff who, according to Pryor, was present in the supervisor's office at the time of Pryor's phone conversation with Plaintiff's supervisor.  *Id*. at 6 (referring to Pryor Declaration ¶ ¶ 4, 5, 6, 7-9).

Plaintiff opposes Defendant's challenges to the Amended Complaint contending

that to be actionable § 1692d(5) does not, contrary to Defendant's position, require that a debt collector's telephone communications to a consumer be of an "annoying, abusive or harassing" character.  Plaintiff's Reply Memorandum at 3.  Rather, Plaintiff submits that if Plaintiff can establish Defendant continued to call Plaintiff after Plaintiff advised Defendant to stop such calls because Plaintiff denied the debt, Amended Complaint ¶ 8, a jury could find that Defendant's subsequent calls were in fact made with the requisite intent to annoy or harass.  Plaintiff's Reply Memorandum at 3-4.

Additionally, Plaintiff argues that his second cause of action under § 1692c(a)(3) remains viable as the Amended Complaint specifically alleges Defendant called Plaintiff at Plaintiff's place of employment.  Plaintiff's Reply Memorandum at 4-5 ("Defendant called Plaintiff's cellular telephone . . . while Plaintiff was at his place of employment . . .") (Amended Complaint ¶ 7).  Plaintiff further argues that Defendant's assertion, that because Plaintiff also alleged the calls were placed to Plaintiff's cellular phone, provided by Plaintiff's employer, the calls were not made by Defendant to Plaintiff at his place of employment, is irrelevant to Plaintiff's claim.  *Id.*  A reading of both the Complaint and the Amended Complaint, reveals that Plaintiff specifically alleged that Plaintiff informed Defendant Plaintiff "was not permitted to receive personal calls . . . during his hours of employment . . . [and] requested that no further calls be placed to that number [the employer provided cellular telephone] or his place of employment."  Complaint ¶ 8; Amended Complaint ¶ 8 (bracketed material added).  Plaintiff therefore maintains the Amended Complaint adequately alleges that Defendant contacted Plaintiff at his place of employment after being informed not to do so, in violation of § 1692c(a)(3).  *Id.*

Finally, Plaintiff contends his third cause of action under § 1692c(b) is sufficient because, as was true of the Complaint, the Amended Complaint specifically alleges Defendant's contact with Plaintiff's employer was non-consensual and that Defendant's attempt to refute this allegation by reference to the denials averred in the Pryor Declaration only demonstrate the existence of triable issues of fact on the issue, thereby implicitly acknowledging the legal sufficiency of the claim. Plaintiff's Reply Memorandum at 5. According to the Amended Complaint "[i]n September of 2005, Defendant called Plaintiff's supervisor at his [Plaintiff's] place of employment" and "[d]uring said telephone call, without consent of Plaintiff, Defendant informed said supervisor that . . . [Defendant] . . . [was] seeking to collect a debt that Plaintiff owed to Wells Fargo." Amended Complaint ¶ ¶ 7, 10 (bracketed material added). The court agrees with Plaintiff.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996); *Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995). The court is required to read the complaint with great generosity on a motion to dismiss. *Yoder v. Orthomolecular Nutrition Institute*, 751 F.2d 555, 558 (2d Cir. 1985). The complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957)).  The issue is not whether a plaintiff is likely to prevail ultimately, "but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test."  *Weisman v. LeLandais*, 532 F.2d 308, 311 (2d Cir.1976) (quoting *Scheuer*, *supra*, at 236).

  Pursuant to Fed.R.Civ.P. 12(b), if matters outside the pleadings are presented to and not excluded by the court, a party's motion to dismiss under Fed.R.Civ.P. 12(b)(6) shall be treated as one for summary judgment and disposed of as provided by Fed.R.Civ.P. 56.  *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992).  A district court may not *sua sponte* convert a motion to dismiss for failure to state a claim into a motion for summary judgment "without sufficient notice to an opposing party and an opportunity for that party to respond."  *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995) (citing *In re G. & A. Books, Inc.*, 770 F.2d 288, 294-95 (2d Cir. 1985), *cert. denied*, 475 U.S. 1015 (1986)).  However, where the party moving to dismiss has included in the motion papers information not found in the pleadings, provided the "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of transforming a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."  *Cortec Industries, Inc.*, *supra*.  As Plaintiff has not relied upon the Pryor Declaration to sustain the Amended Complaint, nor has Plaintiff had a reasonable opportunity to conduct discovery, the court declines to convert Defendant's Motion to one seeking summary judgment.

  Nevertheless, here, Defendant has failed to point to any caselaw supporting

dismissal of Plaintiff's claims under either 15 U.S.C. § 1692c(3), based on Defendant's repeated telephone calls to Plaintiff's place of employment, or 15 U.S.C. § 1692d(5) on the basis that for approximately 15 months, Defendant placed weekly telephone calls to Plaintiff in an attempt to collect a debt which Plaintiff disputed.  Nor has the court's research revealed any case that would support dismissal of Plaintiff's claims at this time.

Moreover, as relevant, Fed.R.Civ.P. 8(a), a federal civil complaint shall "contain a short and plain statement of the claims showing that the pleader is entitled to relief." Thus, even with a required liberal reading, unless such statement unequivocally demonstrates Plaintiff cannot recover under any applicable legal theory of liability under the Act, assuming that the facts as alleged are proved, the Amended Complaint cannot be dismissed.  *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("*All* complaints must be read liberally; dismissal on the pleadings is *never* warranted unless the plaintiff's allegations are doomed to fail under any available legal theory.") (italics in original).

Here, a fair reading of the Amended Complaint establishes Plaintiff has ambiguously alleged that Defendant repeatedly telephoned him in a continuing attempt to collect a debt notwithstanding that Plaintiff had advised Defendant Plaintiff did not owe and would not pay it, that Defendant telephoned Plaintiff at Plaintiff's place of employment, and without Plaintiff's permission, communicated with Plaintiff's supervisor concerning the Defendant's debt collection efforts against Plaintiff.  Amended Complaint ¶ ¶ 7, 8 and 10.  As such, Plaintiff's Amended Complaint states a claim provable under 15 U.S.C. § § 692d(5), 1692c(a)(3) and 1692c(b).  While Plaintiff's allegations in support of his § 1629c(a)(3) claim – unauthorized calls at Plaintiff's place

of employment – could be more clearly stated to directly allege Defendant knew or reasonably should have known calls to Plaintiff's cell phone would be at Plaintiff's place of employment, Defendant's remedy is not dismissal of the claim, but to move, pursuant to Fed.R.Civ.P. 12(e), for a more definite statement.

## CONCLUSION

Based on the foregoing, Plaintiff's cross-motion to file an amended complaint (Doc. No. 9) is DISMISSED; Defendant's motion to dismiss (Doc. No. 6) should be DENIED.

          Respectfully submitted as to Defendant's Motion to Dismiss.

          /s/ *Leslie G. Foschio*
          _____
          LESLIE G. FOSCHIO
          UNITED STATES MAGISTRATE JUDGE

So Ordered as to Plaintiff's
Cross-Motion to Amended.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2005
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 3, 2006
         Buffalo, New York